NOT RECOMMENDED FOR PUBLICATION
File Name: 05a0146n.06
Filed: February 25, 2005

NO. 03-3139

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

PIRO MILO, MAJLINDA MILO, and VASIL )
MILO,                                )
                                     )
                                     )
              Petitioners,           )
                                     )
                                     )   ON PETITION FOR REVIEW FROM THE
v.                                   )   BOARD OF IMMIGRATION APPEALS
                                     )
                                     )
JOHN ASHCROFT,                       )
                                     )
                                     )
              Respondent.            )
_____

BEFORE: SILER, BATCHELDER, and DAUGHTREY, Circuit Judges.

**PER CURIAM.** The petitioners, Piro Milo and his wife and son, are Albanian citizens who entered the United States without proper documentation, conceded removability, and applied for asylum, withholding of removal, and protection under the U.N. Convention Against Torture. The immigration judge who heard their petition denied relief, and the Board of Immigration Appeals affirmed summarily. We conclude that there is substantial evidence to support the decision of the immigration judge, and we therefore affirm that decision and deny the petition for review.

In his asylum petition, Piro Milo claimed that because of his active membership in the Movement of Legality Party, a pro-monarchy political party, he had been subject to persecution by Communists within the Albanian government and feared for his life if he were returned to Albania. At a subsequent hearing before the immigration judge, Milo provided the only testimony, submitting as corroboration of his claim various documents, including his marriage certificate, a Movement of Legality Party membership card, two certificates of membership from the party, a police report discussing Milo's political activities in July 1997, and two arrest orders from July 1997 and July 1998. He claimed that a friend had collected these documents in Albania and mailed them to Milo two weeks before he filed his application for asylum. The government countered Milo's assertions with a report indicating that many of the documents were forgeries.

The immigration judge denied relief, finding that the evidence that Milo presented was fraudulent and that, even if his claims could be credited, he had failed to establish that his past history included persecution severe enough to support a grant of asylum or that he held a well-founded fear of future persecution if he were to return to Albania.

Before this court, Milo first argues that the procedure invoked by the BIA in utilizing summary affirmances is unconstitutional. That claim is refuted by our decision in *Denko v. INS*, 351 F.3d 717 (6th Cir. 2003). Nor is there any merit to the claim that the BIA used the wrong standard of review, because Milo's appeal was filed before the change in the standard took effect in September 2002. He was entitled to and presumably received *de novo* review at the time his appeal from the order of the immigration judge was filed.

Milo next argues that he should have been granted asylum. To qualify for asylum, a petitioner bears the burden to prove that he has suffered actual past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a social group, or political opinion. *See* 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 208.13(a). Theoretically, Milo's testimony alone, if credible, could have been sufficient to sustain the burden of proof without corroboration. *See* 8 C.F.R. § 208.13(a). However, the immigration judge found that Milo's testimony was not credible and that he therefore could not sustain his burden. In doing so, the immigration judge relied on reasonable, probative evidence to question Milo's credibility, including inconsistencies in his testimony and documents provided by Milo to corroborate his claims that were shown to be unauthentic. As noted above, the immigration judge also found the evidence, even if credited, to be legally insufficient.

We conclude that there was substantial evidence to support the immigration judge's decision, as affirmed by the BIA. We therefore DENY the petition for review.